UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>JACQUELYN FOUGERE,<br>    Defendant. | )<br>)<br>)<br>)  Criminal No. 5:22-cr-51-2<br>)<br>)<br>)<br>) |

**MOTION FOR DETENTION**

NOW COMES the United States of America, by and through its attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility for Detention</u>.  This defendant is eligible for detention because the case involves a crime of violence.  *See* 18 U.S.C. § 3142(f)(1)(A).[1]  The defendant and Daniel King attempted to rob a man of cash and THC cartridges by breaking into his residential trailer in Westminster, Vermont.  The victim reported to law enforcement that King was carrying a firearm when he kicked down the door to the trailer.  King also was carrying zip ties which were readied as make-shift handcuffs, as depicted below:



---

[1] The government is aware of the Supreme Court's recent holding in *United States v. Taylor*, No. 20-1459, which held that attempted Hobbs Act robbery is not a crime of violence pursuant to the elements clause of 18 U.S.C. § 924(c)(3).  However, the government submits that attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery remain crimes of violence for purposes of the Bail Reform Act, in particular pursuant to the residual clause found at 18 U.S.C. § 3156(a)(4)(B).  *See United States v. Watkins*, 940 F.3d 152 (2d Cir. 2019) (finding residual clause of Bail Reform Act's definition of "crime of violence" is not void for vaugness).  Therefore, the defendant is eligible for detention.

2. <u>Reason For Detention</u>.  The Court should detain the defendant because there are no conditions of release which will reasonably assure the safety of any other person and the community.

3. <u>Rebuttable Presumption</u>.  No rebuttable presumption applies in this case.

4. <u>Time For Detention Hearing</u>.  The United States requests the court conduct the detention hearing upon completion of the pretrial services report.

5. <u>Other Matters</u>. The government believes the defendant to have been an active abuser of opiates from at least January 2022 until the time of her arrest.  Further, the defendant participated in the attempted robbery charged in the grand jury's Indictment due to a desire to obtain money to purchase illicit narcotics.  In addition to the charged robbery, defendant Fougere was likely complicit in an attempted robbery of the 802 Credit Union in Springfield, Vermont, on January 13, 2022. *See United States v. Colby*, 2:22-cr-003 [D.E. 1-1] at 7-11 (defendant Fougere referred to as J.F.).  Given the defendant's involvement in these two attempted violent crimes, both of which were designed to obtain money to purchase illicit narcotics, the defendant should not be released without a structured plan designed to address her addiction.

Dated at Burlington, in the District of Vermont, June 22, 2022.

Respectfully submitted,

NIKOLAS P. KEREST
United States Attorney

By:     */s/ Jonathan A. Ophardt*
Jonathan A. Ophardt
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725